**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**GE HEALTHCARE, a unit of
General Electric Company,**

                **Plaintiff,**

  v.                                                                                               **Case No. 09-C-0035**

**ORBOTECH, LTD.,**

                **Defendant.**

---

## DECISION AND ORDER

---

By a July 2, 2009, Decision and Order addressing Defendant Orbotech, Ltd.'s ("Orbotech") motion to dismiss, the Court indicated that it would grant Orbotech's motion to dismiss the action based on the ground of forum non conveniens if Orbotech accepted conditions A through D, set forth in that Decision. On July 14, 2009, Orbotech filed a notice of acceptance of those conditions.

On July 15, 2009, Plaintiff GE Healthcare ("GE") filed a response, requesting clarification "with regard to a few minor points" in the July 2, 2009, Decision and Order. By a letter filed on July 17, 2009, Orbotech stated that GE's request should be summarily denied or, alternatively, that the Court should set a status conference to establish a briefing schedule to address the issues raised in GE's July 15, 2009, response.

Having considered the parties' positions, the Court set the schedule for the briefing of GE's July 15, 2009, request for clarification. That briefing is now complete and

the Court will address the request for clarification. Orbotech suggests that GE's motion for clarification is properly regarded as a Rule 59(e) motion and should be analyzed under that standard. GE states that its motion is appropriately considered a Rule 60 motion, because it addresses the manner in which the July 2, 2009, Decision and Order was memorialized.

Rule 59 provides that a "motion to alter or amend a judgment must be filed no later than ten days after the entry of judgment." Rule 60(b) provides that "[o]n motion and just terms the court may relieve a party . . . from a final judgment, order or proceeding." The advisory committee notes from the 1946 amendment of Rule 60(b) state: "the addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60 affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court[s] rendering them to afford such relief from them as justice requires."

No judgment has been entered in this action. Thus, neither Rule 59 nor Rule 60(b) govern the motion. Rather, the Court has treated GE's motion as it is captioned and considered whether justice requires that GE be afforded the relief sought.

By its July 15, 2009, response, GE states that it wants the Court to clarify its July 2, 2009, Decision and Order with respect to three "minor points." First, GE asks that the Court clarify that Orbotech's acceptance of service in Israel constitutes Orbotech's waiver of any challenges that are inconsistent with this Court's prior rulings. GE also requests that the Court clarify that its Order will not prejudice any of GE's rights to continue to pursue its claims for breach of the Master Purchase Agreement as a contracting party in any arbitration that
2

proceeds in Israel. Third, GE wants the Court to require Orbotech to pay the filing fee, or at a minimum half of the fee, in Israel which GE estimates will be at least $200,000.00, and asserts is burdensome. GE states that the filing fee is 2.5 % of the total damages sought and its conservative estimate of the damages it will seek is eight million dollars.

In its reply filed on September 18, 2009, GE seemingly narrows its first request, asking the Court to make its 30-plus page July 2, 2009, Decision and Order continue in full force and effect and not to simply be ignored by Orbotech once the parties are in Israeli court. (GE Reply 4.) However, in its reply, GE also states that it seeks clarification that the Court's Order requires "Orbotech's agreement not to re-litigate issues disposed of in this case once this matter its properly before an Israeli Tribunal; including, but not limited to, the sufficiency of [GE's] claims currently plead in this lawsuit." (GE Reply 2.)

Although presented in the form of a request for clarification, GE is suggesting that this Court impose additional conditions upon the dismissal. GE's argument about the filing fee also seems to be a belated argument against the Israeli forum that it did not raise earlier.

Furthermore, the conditions imposed by this Court on the dismissal for forum non conveniens were carefully crafted based on orders issued by other district courts in this circuit. See *GE Healthcare v. Orbotech*, No. 09-C-0035, 2009 WL 2382534 *16 n.13 (E.D. Wis. July, 2, 2009) (The conditions are based on the required conditions of *In re Factor VIII or XI Concentrate Blood Factors Prods. Litig.*, 408 F. Supp. 2d 569, 591 (N.D. Ill. 2006), aff'd, 484 F.3d 951 (7th Cir. 2007) and of *In re Factor VIII or XI Concentrate Blood Factors*

*Prods. Litig.*, 531 F. Supp. 2d 957, 982-83 (N.D. Ill. 2008), aff'd sub nom. *Abad v. Bayer Corp.*, 563 F.3d 663 (7th Cir. 2009)). It is not uncommon that federal courts impose conditions before agreeing to dismiss an action in favor of the alternative forum. *See Gross v. British Broad. Corp.,* 386 F.3d 224, 234 (2d Cir. 2004). *See also*, Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 14 D *Federal Practice and Procedure*, § 3828.3 n.4 (2007). GE has not provided persuasive authority for the clarification or, more precisely, the imposition of the additional suggested conditions.

GE initially requested the Court to clarify that Orbotech's acceptance of service in Israel constitutes Orbotech's waiver of any challenges that are inconsistent with this Court's prior rulings. The language initially proposed by GE is very broad and vague, requiring that Orbotech waive any challenges that are inconsistent with this Court's prior rulings. By its reply, Orbotech presents two different formulations of its first request.

Regardless, as this Court observed in its July 2, 2009, Decision and Order there is some authority indicating that Israel has its own rules about enforcing American courts determinations. The Court is uncertain of the status that its determinations will be afforded by the Israeli courts and, absent some understanding of that law, declines in the interest of comity to the Israeli courts, to impose such a condition. *See Gross*, 386 F.3d at 235. ("There is a point at which conditions cease to be a limitation on the defendant and become instead an unwarranted intrusion on the transferee forum's policies governing its judicial system . . . Principles of comity demand we respect those policies.")

4

GE's second request is that the Court clarify that its Order shall not prejudice any of GE Healthcare's rights to continue to pursue its claims for breach of the Master Purchase Agreement as a contracting party in any arbitration that proceeds in Israel. The Master Purchase Agreement is not a part of the file in this action. This Court has not determined that GE has a right to pursue any arbitration claims in Israel under that agreement. The Court does not have a sufficient factual or legal basis to declare that its order shall not prejudice GE's rights to pursue its claims for breach of the Master Purchase Agreement as a contracting party in any arbitration that proceeds in Israel.

GE's third requested condition is that Orbotech be required to pay all or half of GE's fee for filing the action in Israel. GE is attempting to shift a more costly filing fee to Orbotech. However, as has been noted by other courts, the complaint regarding the filing fee is, in essence, a complaint that the Israeli court system is less favorable. *Red Rock Holdings, Ltd. v. Union Bank Trust Co.*, No. 97-5008, 1998 WL 474094, *5 (S.D.N.Y. 1998)(collecting cases). Those courts have held that Israel is still an adequate forum. *See id.* Moreover, "[e]ven if Israeli law (or the remedies afforded under it) are not precisely the same as that available to GE [Healthcare] in the United States, "Piper Aircraft establishes that the law in Israel need not be identical to U.S. law, or even as favorable to plaintiffs as U.S. law may be." *GE Healthcare v. Orbotech*, No. 09-C-0035, 2009 WL 2382534 at *13 (quoting *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 957 (7th Cir. 2007)). GE's conclusory statement that the fee is burdensome does not establish a sufficient basis for this Court to order Orbotech to pay all or half of the filing fee. Therefore, the Court declines to

require that Orbotech pay the filing fee in the event GE decides to pursue its claims in the courts of Israel. Therefore, GE's request for clarification is denied.

Furthermore, consistent with this Court's July 2, 2009, Decision and Order, Orbotech filed a timely statement agreeing to conditions A through D as set forth in that Decision and Order. Therefore, pursuant to this Court's July 2, 2009, Decision and Order, Orbotech's motion to dismiss on the alternative ground of forum non conveniens is granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

GE's request for clarification of the Court's July 2, 2009, Decision and Order is **DENIED**.

Because Orbotech has filed a timely statement agreeing to conditions A through D as set forth in the Court's July 2, 2009, Decision and Order, Orbotech's motion to dismiss (Docket No. 47) on the alternative ground of forum non conveniens is **GRANTED**.

A. Orbotech agrees to accept service in the action brought by GE in a court of Israel, so long as GE files such action by November 16, 2009, or in the event of an appeal, within 120 days of any order by the Seventh Circuit Court of Appeals or the United States Supreme Court which has the effect of making the dismissal order final;

B. Orbotech agrees to satisfy a final judgment rendered by a court of Israel;

C. Orbotech agrees to exclude from the calculation of the statute of limitations time period the period of time GE's claims have been pending in this action, and, in addition, any period of time during the appeal from the dismissal order prior to an order of the Seventh

Circuit Court of Appeals or the United States Supreme Court which has the effect of making the dismissal order final, as well as the 120-day period provided for in condition A; and,

   D. Orbotech agrees to advise the Israeli court that it has no objection to the admissibility of the depositions taken in the United States or other materials obtained in discovery in the United States solely on the basis that the depositions or other materials were obtained outside Israel.

  This action is **DISMISSED**.

  The Clerk of Court is **DIRECTED** to enter judgment accordingly granting Orbotech's motion to dismiss GE's action for compensatory, incidental, and consequential damages; and, punitive damages arising out of Orbotech's alleged failure to fulfill several purchase orders for a critical component of GE's new heart scanner technology, referred to as the Alcyone Scanner, on the ground of forum non conveniens.

  Dated at Milwaukee, Wisconsin this <u>23rd</u> day of September, 2009.

          **BY THE COURT**

          *s/ Rudolph T. Randa*
          **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**